

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-30-2004

# Liu v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2018

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Liu v. Atty Gen USA" (2004). *2004 Decisions.* Paper 761.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/761

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 03-2018
_____

YI XIAN LIU,

Petitioner

v.

BUREAU OF CITIZENSHIP AND
IMMIGRATION SERVICES JOHN
ASHCROFT, ATTORNEY GENERAL,

Respondents
_____

On Petition for review of an Order of the Board of Immigration Appeals
INS No. A77-644-965

Submitted Under Third Circuit LAR 34.1(a) April 23, 2004

Before:   SCIRICA, Chief Judge, ROSENN and GREENBERG, Circuit Judges

(Filed: April 30, 2004)

_____

OPINION OF THE COURT
_____

ROSENN, Circuit Judge.

The petitioner, Yi Xian Liu, a native and citizen of China, entered the United

States as a non-immigrant visitor without a valid, unexpired visa or other valid entry

document. On November 12, 1999, the Immigration and Naturalization Service, now the Bureau of Citizenship and Immigration Services, notified the petitioner to appear and charged her as removable under the Immigration and Nationality Act (INA). She appeared with counsel before an Immigration Judge (IJ) and admitted three of the four allegations in the Notice to Appear. She denied that she had been in the United States using fraudulent documentation but did concede removability. In lieu of removal, she applied for asylum, withholding of removal, and protection under the Convention Against Torture.

After a hearing on the merits of the petitioner's applications for relief, the IJ found that she had failed to establish past persecution, or a well-founded fear of persecution, if returned to China. The IJ therefore denied her application for asylum and withholding of removal. The IJ also denied petitioner's application for protection under the Convention Against Torture, finding that the petitioner did not show that she was more likely than not to be tortured if she returned to China. She timely appealed the IJ's decision to the Board of Immigration Appeals (BIA). The BIA affirmed the decision of the IJ and ordered the petitioner removed from the United States. Petitioner timely appealed to this court.

The Petitioner testified on her own behalf before the IJ. She testified that she was applying for asylum because she was a Christian and was persecuted by the local Chinese government. She described an incident at her church on August 29, 1999 when family

2

planning officials arrived to take away a pregnant woman for a forced abortion. The woman cried and resisted, but the officials, armed with electric prods, began to drag her away. Petitioner stated that when she resisted, an official told her "Don't say anything more. This has nothing to do with you." Petitioner testified that the other congregation members "came forward and stood beside us." The officials retreated in anger and, when leaving, one of them turned to the Petitioner and said: "You better remember this!" She construed this as a threat to return and have her arrested. She elaborated that the official told her, "You better be careful in the future. If you ever leave home and walk out on the street, and I ever see you, I will have you arrested."

Petitioner stated that her father had told her that government officials were still looking for her. Petitioner's family members including her mother, father, and two brothers, are in China. Petitioner has never been married, pregnant or had children. Petitioner stated that the August 29, 1999 incident was her first and only encounter and problem with family planning officials.

The IJ found a number of discrepancies in the Petitioner's testimony. He found that her testimony differed from the affidavit submitted with her asylum application, noting that the differences in her version of events were "of important nature." The IJ found that there were inconsistencies between her testimony and an affidavit regarding her travel when she left China. The IJ also rejected her description of her alleged baptism, stating that her "obvious total lack of knowledge concerning the basic principle

3

of baptism reflects that [she] knows nothing about Christianity." He concluded that she was not credible and did not present a credible claim for asylum. The IJ added that assuming *arguendo* that Petitioner was credible, he would still deny her application for relief because there is absolutely no evidence that she has had any problems in China due to her religion.

On appeal to this court, petitioner raises three issues: first, whether the IJ and the BIA's interpretation of the statutory definition of "refugee" is accurate; second, whether the IJ and BIA committed legal error by failing to distinguish her claim for asylum from the claim for withholding of deportation under the Convention Against Torture; and third, whether the denial of the Petitioner's Application for Withholding of Deportation under the Convention Against Torture based on the credibility determination is consistent with the statute and case law.

We review the BIA's decision under the highly deferential substantial evidence test. Dia v. Ashcroft, 353 F.3d 228, 249 (3d Cir. 2003). Under this deferential standard of review, we are required to affirm the BIA's decision if it is supported by reasonable, substantial and probative evidence on the record considered as a whole, and reverse when the evidence is "so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacorias, 502 U.S. 478, 481 (1992).

In essence, petitioner asserts that the IJ erroneously interpreted the "refugee" definition by inserting an extra element that is not found in the statute. She refers to the

4

IJ's finding that the petitioner did not qualify as a refugee under § 101(a)(42)(A) of the INA, asserting that the IJ added the element of physical harm, which is neither found in the statute nor the case law. We are aware that since Congress amended the definition of "refugee" in 1996 to include persons who are subject to, or opponents of, coercion of population control programs, federal courts have taken the difficult task of determining which types of resistance to such programs merit protection through refugee status. See, e.g. Liu v. Ashcroft, 356 F.3d 1153 (9th Cir. 2004)(en banc) (holding that a woman who was threatened and forced to undergo a gynecological exam, but was not sterilized or forced to have an abortion, was still entitled to refugee status). This case presents a scenario where a woman allegedly "resisted" a coercive population control program by aiding another woman who was about to be taken by family planning officials. Yet, we need not determine whether this "resistance" meets the statutory definition under 8 U.S.C. § 1101(a)(42) because the IJ determined, based on substantial evidence, that the petitioner was not credible.

Petitioner argues that inconsistencies in her testimony were caused by the uncomfortable and intimidating environment in the hearing, as well as problems with translation in the Fuzhou dialect. Yet, the IJ found inconsistencies in almost every aspect of the petitioner's testimony, ranging from her religious practices to her travel schedule. The IJ's multiple findings of inconsistency in the record constitute substantial evidence, which we must uphold upon review.

As for the petitioner's contention that she made two claims, one for asylum and the other for withholding of deportation under the Convention Against Torture, she asserts that the IJ and the BIA committed legal error by not distinguishing one from the other. She asserts that they further erred as a matter of law by denying both claims on the same ground - a lack of credibility. A review of the decision of the IJ and the BIA reveals that they specifically distinguished between the petitioner's application for asylum and her application for withholding of removal.

We agree with the Attorney General that the BIA found that the petitioner, having failed to meet the lower burden required for asylum, necessarily failed to meet the higher burden required for withholding of removal. Moreover, the IJ specifically found that the petitioner did not show that "she is more likely than not to be tortured if she returns to the People's Republic of China."

The petitioner also relies on Mansour v. INS, 230 F.3d 902 (7th Cir. 2000) in support of her argument that the BIA should not reject her claim under the Convention Against Torture based on adverse credibility finding regarding asylum. In Mansour, however, the torture and asylum claims were based on different predicates. Id. at 907. In this case, petitioner's claim for asylum and her claim under the Convention Against Torture are based on the same, specific, incident with the family planning officials. Therefore, neither the BIA nor the IJ erred in considering the adverse credibility finding in evaluating both claims. See Farah v. Ashcroft, 348 F.3d 1153 (9th Cir. 2003).

The petition for review will be denied.  Costs taxed against the Petitioner.