**IMG-256**                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3402
_____

YI XIAN LIU,
                                    Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                    Respondent


_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A077-644-965)
Immigration Judge:  Honorable Donald V. Ferlise

_____


Submitted Pursuant to Third Circuit LAR 34.1(a)
July 14, 2010
Before: BARRY, GREENAWAY, JR. AND STAPLETON, <u>Circuit</u> <u>Judges</u>

(Opinion filed: July 19, 2010)
_____

OPINION
_____

PER CURIAM

        Yi Xian Liu petitions for review of an order of the Board of Immigration Appeals

("BIA") denying her motion to reopen.  For the reasons that follow, we will deny the

petition for review.

Petitioner Yi Xian Liu, a native and citizen of China, arrived in the United States in 1999 without a valid visa. She applied for asylum, withholding of removal, and relief under the Convention Against Torture on the ground that she had been persecuted and tortured as a Christian. An immigration judge ("IJ") found Liu's testimony incredible, and in May 2001 denied her applications and ordered her removed to China. In March 2003, the BIA affirmed. This Court upheld the adverse credibility determination and denied Liu's petition for review. See Liu v. Bureau of Citizenship & Immigration Servs., 96 F. App'x 89 (3d Cir. Apr. 30, 2004).

In January 2007, Liu filed a motion to reopen with the BIA based on the birth of her two children in the United States, arguing that this development, coupled with a change in the enforcement of family planning policies in China, excused her motion to reopen from the time limitations. See 8 C.F.R. § 1003.2(c)(2) (requiring that, except under certain circumstances, motions to reopen must be filed within 90 days of entry of the final administrative order of removal). The BIA dismissed the motion to reopen as untimely and held that Liu had not demonstrated a change in country conditions sufficient to support reopening. This Court vacated and remanded in light of its decision in Zheng v. Attorney General, 549 F.3d 260 (3d Cir. 2008), holding that it was not evident from the BIA's opinion that it had sufficiently considered all of the submissions filed in connection with Liu's motion to reopen. See Yi Xian Liu v. Attorney Gen., 306 F. App'x 756 (3d Cir. 2009).

On remand, the BIA indicated that Liu had not adequately documented that she is the mother of two American-born children, that many of the documents she submitted were not originals and were not properly authenticated or corroborated, that it had already considered and rejected much of the background evidence she submitted, and that it did not find that evidence to be as persuasive on the issue of changed country conditions in China as the Department of State Country Reports. Finally, the BIA concluded that even after reviewing all of the evidence submitted in connection with Liu's motion to reopen, it could not discern a national policy of requiring the sterilization of a parent who returns to China with a second child born outside of the country. Accordingly, the BIA held that petitioner's evidence did not establish a change in country conditions since the denial of her initial request for relief, and denied her motion to reopen. Through counsel, Liu timely filed a petition for review.

We have jurisdiction over this petition for review under 8 U.S.C. § 1252. We review the decision of the BIA denying the motion to reopen for abuse of discretion. See Guo v. Ashcroft, 386 F.3d 556, 562 (3d Cir. 2004). Under this standard, we will reverse the BIA's decision only if it is "arbitrary, irrational, or contrary to law." Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002).

Motions to reopen generally must be filed with the BIA "no later than 90 days after the date on which the final administrative decision was rendered." 8 C.F.R. § 1003.2(c)(2). Liu does not contest the untimeliness of her motion, but rather argues that

3

it is saved by the exception to the 90-day limit for motions that rely on evidence of "changed circumstances arising in the country of nationality . . . if such evidence is material and was not available and could not have been discovered or presented at the previous hearing."  8 C.F.R. § 1003.2(c)(3)(ii).

In Zheng v. Attorney General, 549 F.3d 260 (3d Cir. 2008), we discussed in detail our standard for reviewing decisions of the BIA under such circumstances:

> On the one hand, the BIA abuses its discretion if it fails completely to address evidence of changed country circumstances offered by a petitioner. . . . The BIA should demonstrate that it has considered such evidence, even if only to dismiss it.  In so doing, the BIA should provide us with more than cursory, summary or conclusory statements, so that we are able to discern its reasons for declining to afford relief to a petitioner.  On the other hand, we do not hold . . . that where the BIA has given reasoned consideration to the petition, and made adequate findings, it must expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner. . . .  While the BIA must consider such evidence, it may do so in summary fashion without a reviewing court presuming that it has abused its discretion.

Id. at 268 (quoting Wang v. BIA, 437 F.3d 270, 275 (2d Cir. 2006)).  We remanded to the BIA in Zheng because the BIA "did little more than quote passages from its earlier decision in J-W-S- without identifying – let alone discussing – the various statements contained in the record before it that Zheng submitted in support of his motion to reopen." Id.  Shortly thereafter, in Liu v. Attorney General, 555 F.3d 145 (3d Cir. 2009), we held that the BIA had adequately considered the materials submitted by petitioner in support of her claim of changed circumstances.  See id. at 149.  In Liu, the BIA enumerated all of the documents offered by petitioner, set out its evaluation of them and concluded that

4

"'[n]one of the evidence presented states or infers that overseas Chinese returnees are subject to forced sterilization after giving birth to 2 children abroad.'" Id. at 150.

The BIA's analysis on remand in this case is much closer to that in Liu than that in Zheng. In her petition for review, Liu argues that the BIA attached insufficient weight to her supporting evidence, that she "clearly established changed country conditions in China," and that the Board therefore abused its discretion in denying her motion to reopen. However, Liu frequently conflates the ultimate determination of whether she has shown eligibility for relief from removal with the initial determination of whether she has proven that the enforcement of the family planning policy in China has changed in any meaningful way since the denial of her first request for relief. In support of her changed circumstances argument, she analogizes this case to those in which the United States Court of Appeals for the Eleventh Circuit found that the BIA abused its discretion in denying petitioners' motions to reopen. See Yaner Li v. Attorney Gen., 488 F.3d 1371 (11th Cir. 2007) & Xue Xian Jiang v. Attorney Gen., 568 F.3d 1252 (11th Cir. 2009). However, in Liu, the BIA considered virtually the same evidence that persuaded the Eleventh Circuit in Li & Jiang. See 555 F.3d at 149-50. On review, we held that the BIA's conclusion that the Chinese government did not have a national policy of sterilizing a parent who returns to China with more than one child was a proper exercise of its discretion. See id. Accordingly, we are not persuaded by petitioner's analogy.

5

After its thorough discussion of the extensive evidence submitted by petitioner, the BIA concluded that it "fails to establish a change in circumstances or country conditions 'arising in the country of nationality' so as to create an exception to the time limitation for filing a motion to reopen to apply for asylum." (A.R. 4.) We cannot say that the BIA abused its discretion in so holding. While Liu challenges the weight her evidence was accorded, she does not point to any specific piece of evidence that the BIA overlooked or misconstrued in reaching its decision. Petitioner's general references to the ways in which the "record evidence" supported her claim are insufficient to convince us that the BIA abused its discretion in denying her motion to reopen.

Based on the foregoing, we will deny the petition for review.